IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JOSE TURCIOS, D.D.S.**                                                                 **PLAINTIFF**

VS.                          NO: 4:17-CV-773-SWW

**TABITHA CARTER, individually,**
**BRANDON EGGERTH, individually,**
**JARED MCCAULEY, individually,**
**MICHAEL LUNDY, individually,**
**ANDREA M. CARTER, individually**
**DECEMBER SMITH and**
**SARA MELTON**                                                                 **DEFENDANTS**

## BRIEF IN SUPPORT OF
## MOTION TO DISMISS CLAIMS AGAINST DECEMBER SMITH
## AND SARA MELTON

On February 29, 2016 Sara Melton on behalf of her daughter, December Smith, filed an action against the Plaintiff herein, Jose Turcios, D.D.S. in state court alleging that on March 4, 2015 Turcios groped her and otherwise sexually assaulted her while she was a patient of his. A copy of that Complaint is Exhibit 1 to the Motion filed herewith. That Complaint was filed after a criminal trial on charges related to the incident resulted in a not guilty verdict. Turcios filed his Answer in the state court action on April 13, 2016. No counterclaims were asserted in that Answer and none have ever been filed.

Turcios then filed the action in this Court naming certain police officers as defendants to civil rights claims, but also naming Sara Melton and December Smith as defendants to malicious prosecution and civil conspiracy claims. The basis for all of the claims, especially those against Sara Melton and December Smith arise completely out of the events, or occurrence, that is the basis for

the state law suit against Turcios. Thus, any counterclaims against Melton or Smith had to be filed in his responsive pleading pursuant to Rule 13 F.R.C.P. (Rule 13 A.R.C.P. as well). No such counterclaims were filed. Instead a separate action was instituted using the same occurrence as its basis.

Rule 13 provides as follows:

(a) **Compulsory Counterclaim.**

(1) **In general** A pleading must state as a counterclaim any claim that - at the time of its service, the pleader has against an opposing party if the claim:
(A) arises out of the transaction or occurrence that is the subject matter of the opposing parties claim; and
(B) does not require adding another party over whom the court cannot acquire jurisdiction.

In this action filed by Turcios, each allegation against Smith and Melton (and for that matter the other defendants, but they were also parties over whom the state court could acquire both personal and subject matter jurisdiction) is based on the occurrence alleged in the state court complaint. Thus under Rule 13 he was compelled to file any claims against Smith and Melton at that time, yet he chose not to do so. Therefore, his Complaint filed in Federal Court should be dismissed.

WHEREFORE, separate defendants December Smith and Sara Melton pray that the Complaint against them be dismissed, for their costs and attorney's fee, and for any and all other just and proper relief to which they may be entitled.

/s/Christopher R. Heil
Christopher R. Heil, ABN 92128
The Brad Hendricks Law Firm
500 C Pleasant Valley Drive
Little Rock, AR 72227
(501) 221-0444

*cheil@bradhendricks.com*

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2018, I electronically filed the forgoing with the Clerk of Court using the CM/EMF system, who shall provide notification of the same to all counsel of record.

/s/ Christopher R. Heil