IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOSE TURCIOS, D.D.S.                                                                    PLAINTIFF

V.                                    CASE NO. 4:17-CV-773 JLH

TABITHA CARTER, ET AL.                                                          DEFENDANTS

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS
FILED BY DEFENDANTS, DECEMBER SMITH AND SARA MELTON**

NOW COMES Plaintiff, JOSE TURCIOS, D.D.S., by and through his attorneys, and for his Response in Opposition to the Motion to Dismiss filed by Defendants, DECEMBER SMITH and SARA MELTON, states as follows:

1. Defendants, DECEMEBER SMITH (hereafter "Ms. Smith") and SARA MELTON (hereafter "Ms. Melton") (hereafter collectively "Defendants") have filed a motion to dismiss, claiming that the instant allegations against them should have been brought as compulsory counterclaims to Ms. Smith's February 29, 2016 Pulaski County Circuit Court civil lawsuit against Plaintiff, JOSE TURCIOS, D.D.S. (hereafter "Plaintiff"), because the matters in Plaintiff's complaint and Ms. Smith's complaint arise out of the same events. See Doc. #27 at p. 1.

2. Plaintiff disputes that the matters are the same but, regardless, Defendants' motion to dismiss is fatally flawed because a claim that is not mature at the time of the prior filing may be asserted by the pleader in a separate action. *Harrison v. Springdale Water & Sewer Com.*, 780 F.2d 1422, 1432 (8th Cir. 1986); see also *Valley Forge Insurance Co. v. Carner*, 642 S.W.2d 317, 318 (1982).

3. As shown below, this is precisely what Plaintiff has done. Therefore, Defendants' motion should be dismissed outright. See *id.* Further, because Ms. Melton was not a party in

interest in the prior claim–she represented Ms. Smith as a Next Friend–she surely is not entitled to file the instant motion. See generally *Whitmore v. Arkansas*, 495 U.S. 149, 163-164 (1990). Next Friends and minor plaintiffs surely have a significant relationship, but they are distinct entities and this distinction has been recognized for ions and extended to general civil litigation on behalf of children. *Id.*; see e.g. *Gonzalez v. Reno*, 86 F.Supp.2d 1167, 1184-85 (S.D. Fla. 2000). Defendants' motion should be denied.

## BRIEF FACTS

4.     On March 4, 2015, Plaintiff was arrested for a crime he did not commit and eventually forced to defend himself at trial, despite the abysmally biased criminal investigation conducted by certain defendants. On February 29, 2016, approximately one month prior to Plaintiff's criminal trial date, Ms. Smith filed a civil lawsuit against him in Pulaski County Circuit Court, alleging damages stemming from the alleged crime. See Doc. #26-1 (Smith Circuit Court Complaint); see also Doc. #3 (Plaintiff's Amended Complaint) at ¶ 67.

5.     On April 26, 2016, an impaneled jury found Plaintiff not guilty of the charges brought against him. See Doc. #3 at ¶ 73. Put another way, on April 26, 2016, Plaintiff's criminal proceeding was terminated in his favor. See *Sundeen v. Kroger*, 133 S.W.3d 393, 395 (Ark. 2003); see also *Stoke v. S. States Coop., Inc.*, 651 F.3d 911, 915-16 (8th Cir. 2011). On November 21, 2017, Plaintiff filed the instant federal action alleging malicious prosecution against Defendants, among others. See Doc. #1.

## LAW

6.     "To establish the tort of malicious prosecution in Arkansas, a plaintiff must prove '(1) a proceeding instituted or continued by the defendant against the plaintiff; (2) *termination of the proceeding in favor of the plaintiff*; (3) absence of probable cause for the proceeding; (4)

malice on the part of the defendant; and (5) damages.'" See *Sundeen*, 133 S.W.3d at 393 (quoting *Stoke*, 651 F.3d at 915-16)(emphasis added). Thus, Plaintiff did not–and could not– satisfy the second required malicious prosecution element until April 26, 2016, when the jury returned its verdict in his favor and, until then, his malicious prosecution claim was not mature or actionable. See *id.*

7. One of the four exceptions to the compulsory counter claim rule embodied in Rule 13 is that a "party need not assert a counterclaim that has not matured at the time he serves his pleading." See *In-Custody Int'l Corp. v. Taper*, 2008 U.S. Dist. LEXIS 69322 at *3-4 (D. Neb. July 22, 2008). If a counterclaim "matures or is acquired after all the issues are joined, it may be asserted by the pleader in a separate action." *Harrison*, 780 F.2d at 143.

## ARGUMENT

8. Plaintiff's malicious prosecution claim was not mature on February 29, 2016. Because Plaintiff's malicious prosecution claim had not matured at that time, Plaintiff could not file a viable or good faith counterclaim based on malicious prosecution. Plaintiff perfected the elements of malicious prosecution on April 26, 2016, which is subsequent to the date of Ms. Smith's Pulaski County Circuit Court filing. Therefore, Plaintiff's claims are not compulsory counterclaims, he was entitled to plead them in a separate action. Defendants' motion should be denied. Additionally, as it relates to Ms. Melton, the motion should be denied because she has never even filed a claim against Plaintiff on behalf of herself.

WHEREFORE, Plaintiff, JOSE TURCIOS, D.D.S., by and through his attorneys, respectfully requests that the Court deny Defendants' Motion to Dismiss and all other relief it deems appropriate and just.

Respectfully submitted,

/s/Michael J. Laux
Michael J. Laux
E. Dist. Arkansas Bar No. 6278834
One of the Attorneys for PLAINTIFF
LAUX LAW GROUP
400 W. Capitol Avenue, Suite 1700
Little Rock, AR 72201
Telephone: (501) 242-0750
Facsimile: (501) 372-3482
E-mail: mlaux@lauxlawgroup.com
           mikelaux@icloud.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been filed using CM/ECF Electronic Filing System, on September 24, 2018, which will provide electronic notification to:

Mr. Thomas M. Carpenter
Mr. William C. Mann, III
Mr. Alexander J. Betton
Mr. Rick D. Hogan
Office of the City Attorney
500 W. Markham, Ste. 310
Little Rock, AR 72201
tcarpenter@littlerock.gov
bmann@littlerock.gov
abetton@littlerock.gov
rhogan@littlerock.gov

Mr. Gary L. Sullivan
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
gary.sullivan@arkansasag.gov

Mr. Christopher R. Heil
The Brad Hendricks Law Firm
500 C Pleasant Valley Drive
Little Rock, AR 72227
cheil@bradhendricks.com

                                                /s/Michael J. Laux
                                                Michael J. Laux
                                                E. Dist. Arkansas Bar No. 6278834
                                                One of the Attorneys for PLAINTIFF
                                                LAUX LAW GROUP
                                                400 W. Capitol Avenue, Suite 1700
                                                Little Rock, AR 72201
                                                Telephone: (501) 242-0750
                                                Facsimile: (501) 372-3482
                                                E-mail: mlaux@lauxlawgroup.com
                                                             mikelaux@icloud.com