**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**JOSE TURCIOS, D.D.S.**                                                                                                      **PLAINTIFF**

**VS.**                        **NO: 4:17-CV-773-JLH**

**TABITHA CARTER, individually,**
**BRANDON EGGERTH, individually,**
**JARED MCCAULEY, individually,**
**MICHAEL LUNDY, individually,**
**ANDREA M. CARTER, individually**
**DECEMBER SMITH and**
**SARA MELTON**                                                                             **DEFENDANTS**

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT**
**FILED BY DECEMBER SMITH AND SARA MELTON**

The claims against December Smith and Sara Melton must be dismissed by summary judgment. First, there is no evidence that either of these defendants were acting under color of law as required by 42 U.S.C. §1983. Second, there is no evidence that either defendant had a "meeting of the minds" with the actual state actors to deprive Dr. Turcios of any constitutional right. To the contrary, the lack of such evidence and the admissions by Dr. Turcios that he would only be speculating, that the allegations of sexual abuse by December Smith (relayed to the police by her mother Sara Melton) were most likely the product of misperceptions or hallucinations under nitrous oxide, all belie the allegations of a conspiracy and thus summary judgment should be granted.

As each set of defendants will have different argument, but all predicated on the fact that none of them colluded or conspired, nor violated any constitutional right of the Plaintiff, separate

defendants December Smith and Sara Melton adopt those arguments herein by reference.

**Facts**

The facts necessary to an understanding of this motion and of the case in general are contained in the Statement of Undisputed Facts of these separate defendants, and of the other defendants who have filed Motions for Summary Judgment in this case and thus need not be repeated here, for the sake of brevity.

**Summary Judgement, Generally**.

Summary judgment is proper when there is no genuine issue as to any material fact and when the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Holloway v. Lockhart*, 813 F.2d 874, 878 (8th Cir. 1987). A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party. *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Separate Defendants have demonstrated that there are absences of any genuine issues of material

fact in this case as it pertains to them and thus summary judgment is appropriate.

**December Smith and Sara Melton are not "state actors" and thus cannot be held liable under §1983**

Plaintiff's Complaint alleges 1) malicious prosecution in violation of §1983 and a civil conspiracy. However, there is no evidence that either December Smith or Sara Melton were "acting under color of law" as they were private individuals at all times hereto. December Smith was a high school student and Sara Melton was not employed by any governmental entity at the time of the alleged events. To be liable under §1983, the claimed deprivation of a federally protected right must result from the exercise of a right or privileges having its source in state authority, and the party charged must be one appropriately considered as a state actor or acting "under color of law". *Glasper v. City of Hughes, Arkansas*, 269 F. Supp 375 (E.D. Ark. 2017). None of these principles apply to either December Smith or Sara Melton and there are no disputed facts that would traditionally characterize them as 'state actors'.

**December Smith and Sara Melton were not acting "in concert" with any other state actors and this §1983 does not apply to them under this standard.**

To prove a § 1983 civil conspiracy claim, "the plaintiff must show: that the defendant conspired with others to deprive him or her of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff." *Askew v. Millerd,* 191 F.3d 953, 957 (8th Cir.1999). "[T]he plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim." *Id.* As to the deprivation of a constitutional right, these separate defendants adopt the arguments of separate defendant Andrea Carter that there has been no

such deprivation.

To state a claim for relief under § 1983, a plaintiff must allege "that the defendant(s) acted under color of state law." *Schmidt v. City of Bella Villa,* 557 F.3d 564, 571 (8th Cir.2009). Although private parties acting alone are not subject to § 1983 liability, the Supreme Court has long held that private citizens who act in concert with state officials may be liable under § 1983. *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 941, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Dennis v. Sparks,* 449 U.S. 24, 27–29, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980); *734 *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In *Adickes,* the Supreme Court stated,

> Private persons, jointly engaged with state officials in the prohibited action, are acting "under color" of law for purposes of the statute. To act "under color" of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.

*Id.* (quoting *United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966)). The Eighth Circuit has stated that in

> construing that test in terms of the allegations necessary to survive a motion to dismiss, this circuit has held that a plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor.

*Mershon v. Beasley,* 994 F.2d 449, 451 (8th Cir.1993). Therefore, Desert Snow Defendants can be subject to § 1983 liability if Plaintiffs sufficiently allege they were willful participants in the alleged conspiracy. *See DuBose v. Kelly,* 187 F.3d 999, 1003 (8th Cir.1999). A civil conspiracy claim requires the plaintiffs to prove "specific facts" giving rise to an inference of a meeting of the minds between the defendants to violate the plaintiff's constitutional rights. *Murray v. Lene,* 595 F.3d 868, 870 (8th Cir.2010). "[Plaintiffs] must at least allege that 'the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding,' and provide some facts

'suggesting such a "meeting of the minds." ' " *Id.* at 436–37 (quoting *White v. Walsh,* 649 F.2d 560, 561 (8th Cir.1981)). "[T]he plaintiff need not show that each participant knew the exact limits of the illegal plan, but the plaintiff must show evidence sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *White v. McKinley,* 519 F.3d 806, 814 (8th Cir.2008) (quotations and alterations omitted).

      The Plaintiff cannot meet these standards in this case. There are no material facts that could establish any meeting of the mind of these private individuals to conspire with the police defendants to deprive the Plaintiff of a constitutionally protected right. To the contrary, as the Plaintiff's testimony itself shows, he is merely speculating and at best he can claim that either (1) December Smith was mistaken as to the events of March 4, 2015 (and thus her mother Sara Melton, to whom she reported the incident) OR that the police defendants coerced them into doing what they otherwise would not have done.

      Plaintiff's expert, Dr. Stephen Fogel, an anesthesiologist, will testify that in his expert opinion the effects of the nitrous oxide given to December Smith on March 4, 2015 caused her to have an altered perception of reality and that she likely hallucinated events or misperceived otherwise appropriate events. (Ex 1, Turcios deposition at 142-144) (Ex. 3, Expert Disclosure of Stephen Fogel) Dr. Turcios also believes that December Smith misperceived events or hallucinated, and admitted in his deposition on October 17, 2018 (a year into the case) that to say she was "making up" her allegations would be "speculation" and that he doesn't have any evidence December Smith made up the allegations. (Ex 1, Turcios at 144).

      Dr. Turcios also admits that it would be a normal and reasonable reaction for Sara Melton, the mother of December Smith to rely on her daughters statements when she called the police. He

further states that if December Smith misperceived events, then Sara Melton would also be acting on that misperception. He further admits he had no idea of Sara Melton's mindset when she relayed the allegations to the police on behalf of her daughter. (Ex. 1 at 145)

Dr. Turcios believes that at worst, December Smith and Sara Melton were coerced by the police defendants into making statements and this coercion led them to do something they would not have otherwise done. (Ex. 1 at 149) He speculates that the police exerted force on Smith and Melton to force them to say what they didn't want to say. (Ex. 1 at 115-116. 148, 149)

Dr. Turcios believes it was the police defendants who wanted to ruin his reputation and has no evidence to that effect against Smith or Melton. (Ex. 1 at 55,56). Dr. Turcios has no evidence that Melton had any relationship with any of the police defendants. (Ex. 1 at 107-110)

Misperceptions and being coerced are not intentional actions, and belie any allegation of collusion or conspiracy to do anything, much less violate a person's constitutional rights. Dr. Turcios can provide no evidence of any overt conduct by either December Smith nor Sara Melton knowingly or intentionally took any action to deprive him of his constitutional rights, to collude with actual state actors and thus any such assertion is, based on supposition, speculation and conjecture.

For all of the forgoing reasons, summary judgment is appropriate as to December Smith and Sara Melton.

WHEREFORE, separate defendants December Smith and Sara Melton pray that the Motion for Summary Judgment be granted, that the case be dismissed, for their costs and attorney's fee, and for any and all other just and proper relief to which they may be entitled.

Respectfully submitted,

/s/Christopher R. Heil
Christopher R. Heil, ABN 92128
The Brad Hendricks Law Firm
500 C Pleasant Valley Drive
Little Rock, AR 72227
(501) 221-0444
<u>cheil@bradhendricks.com</u>

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 23, 2018I electronically filed the forgoing with the Clerk of Court using the CM/EMF system, who shall provide notification of the same to all counsel of record.

<u>/s/ Christopher R. Heil</u>