## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

JOSE TURCIOS, D.D.S.                                                    PLAINTIFF

v.                              No. 4:17CV00773 JLH

TABITHA CARTER; BRANDON EGGERTH;
JARED MCCAULEY; BRIAN DUNGER;
MICHAEL LUNDY; ANDREA M. CARTER;
DECEMBER SMITH; and SARA MELTON                        DEFENDANTS

### OPINION AND ORDER

        This is a malicious prosecution case.  The plaintiff, Jose Turcios, is a dentist.  On March 4,

2015, he provided dental treatment for December Smith, a female who was then fifteen years of age.

Afterward, Smith told her grandmother, Myrtle Clifton, and later her mother, Sara Melton, that

Turcios abused her sexually.  On March 9, 2015, Smith's mother reported those allegations to the

police.  Tabitha Carter[1] and Michael Lundy are officers of the Little Rock Police Department who

participated in the investigation.[2]  Tabitha Carter was the lead investigator on this case.  Lundy's

wife is a former employee of Turcios.  Lundy provided Tabitha Carter with names of persons who

could give information about Turcios.  Based on interviews with Smith, Melton and Clifton, as well

as another woman, Valerie Robertson, who voiced a similar complaint about Turcios, Tabitha Carter

swore on affidavit for Turcios's arrest on March 12, 2015, and a judge issued the arrest warrant.

Document #47-1.

---

        [1] She was then known as Tabitha McCrillis.

        [2] Turcios has now conceded his claims against Brandon Eggerth, Brian Dunger and Jared
McCauley.  Document #67 at 1, n.1.  His claims against those three defendants are dismissed with
prejudice based on that concession.

After he was arrested, Turcios's dental license was suspended for a few weeks until he reached an agreement with the Arkansas State Board of Dental Examiners for reinstatement of his license on the condition that another person be present whenever he was with a patient.[3]

Turcios was charged with second degree sexual assault in Pulaski County Circuit Court. The case was tried in April of 2016. A jury acquitted Turcios. Document #67-45.

Andrea Carter is an investigator with the Crimes Against Children Division of the Arkansas State Police. She investigated Smith's allegations against Turcios and prepared a report finding Smith's allegations to be true. Document #39-1. Turcios received notice of Andrea Carter's conclusion, appealed, and was given an administrative hearing to contest her finding that he had committed child maltreatment. That hearing was conducted after the criminal trial. By a preponderance of the evidence, the hearing officer found that Turcios sexually abused Smith and ordered his name to be placed on the Arkansas Child Maltreatment Central Registry. Document #39-11. Turcios was given notice of his right to appeal that decision to the circuit court. Document #39-12. He did not appeal the administrative decision to circuit court. Document #69 at ¶45.[4]

Turcios's complaint consists of three counts alleging three claims for relief under 42 U.S.C. § 1983. Count I—his first and primary claim—is for malicious prosecution. In Count II he alleges a claim for civil conspiracy. In that claim, Turcios alleges that the defendants entered into a conspiracy the gist of which was to prosecute him maliciously. Document #3, ¶99. In Count III he alleges that the defendants violated his substantive due process rights. In that claim, Turcios alleges

---

[3] The order suspending him was entered on March 17, 2015. The order lifting the suspension was entered on April 23, 2015. Document #67-43.

[4] Melton and Smith also filed a civil case against Turcios. That case is pending in the Pulaski County Circuit Court. Documents #26-1 and #26-2.

that he has a property interest in his dental license and that the Arkansas State Board of Dental Examiners suspended his license as a result of the allegations against him.  He further alleges that he has a constitutionally protected liberty interest in his personal reputation and good name.  All of the defendants have filed motions for summary judgment.  For reasons that will be explained, those motions are granted.

In a long line of cases, the Eighth Circuit has held that allegations of malicious prosecution do not state a claim upon which relief can be granted under 42 U.S.C. § 1983.  *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001); *Technical Ordnance, Inc. v. United States*, 244 F.3d 641, 650 (8th Cir. 2001); *Pace v. City of Des Moines*, 201 F.3d 1050, 1055 (8th Cir. 2000); *Gordon v. Hansen*, 168 F.3d 1109, 1114 (8th Cir. 1999); *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 977 (8th Cir. 1993); *Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir. 1990).  Those cases have not been overruled and have been followed as recently as 2014.  *Bates v. Hadden*, 576 Fed. Appx. 636, 639 (8th Cir. 2014) (per curiam).

The Eighth Circuit has observed, though, that malicious prosecution allegations might state a § 1983 claim if the claim alleges some provision of the Constitution or federal law was violated.  *Gunderson*, 904 F.2d at 409 ("[M]alicious prosecution can form the basis of a § 1983 suit only if defendant's conduct also infringes some provision of the Constitution or federal law").  In his malicious prosecution count in his complaint, Turcios says the defendants deprived him of rights, privileges and immunities secured by the Fourth and Fourteenth Amendments. Document #3 at ¶91.

The Eighth Circuit has never held that malicious prosecution violates the Fourth Amendment or the Fourteenth Amendment's due process clause. *See Technical Ordnance*, 244 F.3d at 651 (explaining that law was not clearly established because the Eighth Circuit has never held that a

malicious prosecution claim violated the Fourth Amendment). In 2012, the Eighth Circuit expressly did not decide whether "malicious prosecution is a constitutional violation at all." *Harrington v. City of Council Bluffs, Iowa*, 678 F.3d 676, 679 (2012).

The *Harrington* court did note, however, that a substantive due process violation might occur where law enforcement officers go beyond mere prosecution without probable cause. *Id.* at 680. A line of Eighth Circuit cases holds that a person may make a substantive due process claim against law enforcement officers for reckless investigation or fabricating evidence in order to falsely formulate a pretense of probable cause. *Id.*; *Amrine v. Brooks*, 522 F.3d 823 (8th Cir. 2008); *Clemmons v. Armontrout*, 477 F.3d 962 (8th Cir. 2007); *Moran v. Clarke*, 296 F.3d 638 (8th Cir. 2002) (en banc); *Wilson v. Lawrence Cnty., Mo.*, 260 F.3d 946 (8th Cir. 2001). Although labeled as a claim for malicious prosecution, the allegations against Carter and Lundy in Count I of Turcios's complaint could be construed to assert a claim for reckless investigation under this line of cases. In *Amrine*, the court explained that the substantive due process claim for a reckless investigation was first recognized in *Wilson*, where a mentally-impaired twenty-year-old had been coerced into confessing to a murder. *Amrine*, 522 F.3d at 834. Similarly, in *Amrine* the court explained that in *Moran*:

> [A] police officer brought a § 1983 case against police officials in the St. Louis Board of Police Commissioners after being acquitted of beating a man during a mistaken arrest. He charged that other officers had intentionally set up an innocent man, and he produced evidence of "questionable procedures, of pressures placed on officers to incriminate a specific person or corroborate the department's official line, of a hasty condemnation of [himself] and of improper consideration of his race" in addition to proof that the defendants had "purposely ignored" exculpatory evidence. [*Moran*, 296 F.3d] at 648. [The Eighth Circuit] held that *Moran* could establish a due process violation if a jury were to find his evidence credible.

4

*Id.* Again, in *Amrine* the court explained that in *Clemmons* the actions of the investigating officers were not intentional or reckless, so they did not give rise to a substantive due process violation. *Id.* at 834-35. Finally, in *Amrine*, the court explained:

> Amrine has produced no evidence suggesting that Brooks and Hemeyer attempted to coerce or threaten him as the officers did to the *Wilson* plaintiff. There is also no evidence that the investigators purposely ignored evidence suggesting that Amrine was innocent, as occurred in *Wilson* and *Moran*. Neither was there any indication of systemic pressure to implicate Amrine in the face of evidence to the contrary as in *Moran*. The facts alleged by Amrine were closely resemble those in *Clemmons*, for Brooks and Hemeyer similarly failed in his case to follow through on investigating other leads. . . . Construed with all reasonable inferences in favor of Amrine, their early focus on him and their conduct of the investigation still do not rise above negligence.

*Id.* at 835. These cases were decided under the standard of substantive due process which requires proof that "shocks the conscience." *Wilson*, 260 F.3d at 956 (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S. Ct. 1708, 1716, 140 L. Ed. 2d 1043 (1998)). This standard is intended to reach "only the most egregious official conduct." *County of Sacramento*, 523 U.S. at 846, 118 S. Ct. at 1716. *See also McNees v. Mountain Home, Ark.*, 993 F.3d 1359, 1361 (8th Cir. 1993) (holding that malicious prosecution claim was not cognizable under § 1983, and no constitutional violation occurred because defendants' actions were not so outrageous as to amount to a substantive due process claim).

Here, Turcios has subjected the investigation of these officers and the credibility of the witnesses against him to a withering critique. Nonetheless, his evidence against the officers proves nothing more than negligence or gross negligence. He has presented no evidence that any investigating officer prompted Smith, Melton, or anyone else to make false allegations against him. He has presented no evidence that any officer coerced any witness to testify against him. His

evidence points to gaps in the investigation and information that the officers should have pursued but not to intentional or reckless misconduct by the officers. The conduct of the investigating officers does not meet the "shock the conscience" standard.

Turcios alleges and argues that the arrest warrant was not based on probable cause, but he does so only as an element of his malicious prosecution claim; he does not allege or argue his arrest as an independent claim. *See* Document #3 at 15-17 and Document #68 at 5-39. *Cf. Technical Ordnance*, 244 F.3d at 647-51; *Pace*, 201 F.3d at 1054-57. Assuming, however, that he intends to allege a § 1983 claim against Tabitha Carter and Lundy based on an arrest without probable cause, summary judgment still must be granted on that claim. Tabitha Carter[5] prepared an affidavit that accurately reported what she had been told by Smith, Melton, Clifton, and Robertson. She submitted that affidavit to a judge, who found that the affidavit established probable cause. Any arresting officer was entitled to rely on that finding by the judge unless the affidavit was so lacking in *indicia* of probable cause as to render belief in the legitimacy of the warrant entirely unreasonable. *United States v. Leon*, 468 U.S. 897, 923, 104 S. Ct. 3405, 3421, 82 L. Ed. 2d 677 (1984). Turcios argues that the good faith exception of *Leon* does not apply because Tabitha Carter made material misrepresentations or omissions in the affidavit. He does not identify any misrepresentations in the affidavit, nor does he show that she intentionally omitted any material information. Assuming that Turcios alleges as a separate tort that he was arrested without probable cause, the defendants are entitled to summary judgment on that claim.

---

[5] It does not appear from the record that Lundy participated in drafting the affidavit. Turcios was arrested at the Little Rock Athletic Club. Lundy was working at the club when other officers made the arrest. Turcios contends that Lundy called Tabitha Carter and told her that Turcios was at the club, which he characterizes as continued participation in the conspiracy.

Turcios's claim of civil conspiracy, as alleged in Count II of his complaint, is predicated upon his claim of malicious prosecution.  Document #3 at ¶99.  Although Turcios alleged in paragraph 97 of his complaint that the defendants conspired to deprive him of equal protection of the laws based on his race or ethnicity, he has presented no evidence in support of that allegation, nor has he argued the point in his brief.  Thus, without the alleged malicious prosecution, he has no claim for civil conspiracy.  Because the allegations of malicious prosecution fail as a matter of law, the allegations of civil conspiracy likewise fail as a matter of law.

Turcios alleges in Count III of his complaint that his substantive due process rights were violated when the Arkansas State Board of Dental Examiners suspended his license.  No defendant participated in the decision to suspend Turcios's license, nor does Turcios contend that any defendant communicated with the Board in an effort to persuade the Board to suspend his license. Rather, he says that the Board suspended his license based on a news article reporting his arrest. Document #67 at ¶153.  Thus, in effect, Turcios claims that his license was suspended as a consequence of the malicious prosecution, which is to say that the suspension of his license forms an alleged element of damages for the alleged malicious prosecution, not a separate claim for relief. Since the malicious prosecution claim fails as a matter of law, so does his claim for damages, including the suspension of his dental license.

Turcios also alleges in Count III that he had a constitutionally protected liberty interest in his personal reputation and good name as it relates to his profession of dentistry.  Document #3 at ¶108. An interest in reputation, alone, however, is not liberty or property protected by the due process clause of the Fourteenth Amendment. *In re Kemp*, 894 F.3d 900, 909 (8th Cir. 2018).  The Eighth Circuit has explained injuries similar to those alleged by Turcios are protected against by state tort

law, not by the due process clause of the Fourteenth Amendment. *Wade v. Goodwin*, 843 F.2d 1150, 1152 (8th Cir. 1988).  In some circumstances, employment is a protectible property interest, but where the defendant is not the employer, however, no such claim can be made.  *Id*. at 1152-53.

Summary judgment will be granted on all of Turcios's claims under federal law.

It is not clear from Turcios's complaint whether he has alleged state-law claims for malicious prosecution and civil conspiracy.  Although his complaint alleges three counts under 42 U.S.C. § 1983 with no separate statement of corresponding state-law claims, he invokes this Court's jurisdiction in part based on 28 U.S.C. § 1367, which provides for supplemental jurisdiction over state-law claims (Document #3 at ¶1), and when he addresses the elements of a malicious prosecution claim in his brief, he cites *Stokes v. S. States Coop., Inc.*, 651 F.3d 911, 916 (8th Cir. 2011), which is a diversity case based on Arkansas law.  Document #68 at 4-5.  Assuming, without deciding, that Turcios's complaint alleges state-law claims, this Court declines to exercise supplemental jurisdiction over them.

IT IS SO ORDERED this 22nd day of January, 2019.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE